■   ALICE ENGLISH, Respondent, v. CORNELIUS F. ENGLISH, Appellant.— Order entered on March 27, 1968, conditionally granting motion for leave to serve amended complaint, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs or disbursements, and the motion denied, without prejudice, if plaintiff is so aadvised, to the institution of a new action for annulment on grounds different from those pleaded in the original complaint.   The introduction, at this advanced stage of the litigation, of so variant a complaint, on the basis of affidavits containing no factual showing of merit and but a perfunctory explanation of the delay, is in our opinion without substantial justification.   Concur — Botein, P. J., Eager, Capozzoli, Rabin and McNally, JJ.

■   In the Matter of MURIEL REEVES, Petitioner, v. GEORGE K. WYMAN, as Commissioner of the New York State Department of Social Services, Respondent.— Determination of the respondent unanimously confirmed, without costs or disbursements, and without prejudice to the bringing of a new proceeding, if it should develop that the money required to pay the consolidated college registration fee shall not be available to petitioner through some community program.   From the record before us, it is quite apparent that the respondent did not act improperly in refusing to advance to the petitioner the money required to pay the consolidated college registration fee.   The evidence indicates the availability of the money through a community program.   Indeed, such money, heretofore, had been advanced to the petitioner from such source, and it seems that it is presently available from the same source.   If, however, it should develop that it is not so available, then the petitioner may make a new application.   Concur — Botein, P. J., Eager, Capozzoli, Rabin and McNally, JJ.

■   MARGARET BRAUN, Respondent-Appellant, v. EDMUND M. BRAUN, Appellant-Respondent.— Order entered March 8, 1968 unanimously modified, on the facts and in the exercise of discretion, to deny the motion to punish defendant-appellant for contempt, and as so modified the order is otherwise affirmed, without costs or disbursements to either party.   It appears from this record that the defendant has made payments to his wife to the full extent of his ability.   Moreover, as subsequent facts developed, the payments made exceeded the amounts to which this court reduced the alimony.   Consequently, in the exercise of discretion, we modify the order to deny the application to hold this defendant in contempt.   Concur — Eager, J. P., Steuer, Capozzoli, McGivern and Rabin, JJ.